273 P.2d 418

**ANDERSON et al.   v.   WRIGHT et al.**

No. 8140.

Supreme Court of Utah.

Aug. 10, 1954.

Rawlings, Wallace, Roberts & Black and Dwight L. King, Salt Lake City, for appellants.

J. Reed Tuft and Bruce S. Jenkins, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment notwithstanding the verdict where a number of real estate salesmen sued their defendant brokers for sums allegedly due under an oral contract. Affirmed, with costs to defendants.

It is agreed that the only reviewable aspect of this case is sufficiency of the evidence. Plaintiffs allege that defendants orally agreed to pay them $100 for each sale made of a lot and unbuilt house, in a building project, all the units of which were brokered for sale by defendants under a commission contract with the owner-seller, a building syndicate. Payments of salesmen's commissions and those of the brokers admittedly were deferred and were forthcoming in installments as the construction progressed. To date the brokers have received about half their commissions and have shared proportionately what they have received with plaintiffs, who still have about half of their commissions coming. Reason for nonpayment of all of the brokers' commissions was failure or partial failure of the project resulting in insufficient funds to meet commitments. Defendants admit the oral contract to pay the $100 and state that they will pay the same when and if they receive their commissions from the syndicate, insisting, however, that the oral contract provided for payment to the salesmen only in the event the brokers received their money. The only question, therefore, is whether there is any evidence which would indicate that there was no such condition in the contract, and that the brokers were to pay the $100 whether they received any money from the syndicate or not.

We are impressed with the absence of evidence that might indicate that the $100 was to be paid in any event, and we are equally impressed with the presence of evidence indicating that it was payable in installments as construction progressed, that payments were to be made only when the brokers received their commissions, and that the salesmen understood and expected

payment to be made only on such condition. The salesmen variously testified and admitted that 1) they were to get no money at the outset, 2) that their commissions were to be paid in deferred amounts, 3) that it was understood the payments were to come from the brokers who were to collect the money for them and disburse it to the salesmen as it was received, based on construction progress, 4) that usually a salesman received no commission where the broker for whom he worked received none, 5) that the salesman's money was expected if the broker got the money from the syndicate, and 6) that they consented to a modification of the original plan of deferred payments and agreed to take their pay in $25 lots when sufficient money accumulated in the hands of the brokers to pay such $25.

The best that can be said in support of the contention that plaintiffs were to receive the $100 whether defendants obtained their money from the syndicate or not, is testimony to the effect that the salesmen looked to the defendants for their money and that they expected to get it no matter who was to pay it.

Plaintiffs' only contention under their Statement of Points was that the evidence supported the jury's verdict. No point was made under such Statement as to any error the Court may have committed in excluding offered evidence. Plaintiffs complain in their brief that they were not permitted to introduce evidence of fraud. They did not plead any fraud, asked no permission to amend their pleadings to show fraud, and evidenced no intention of changing their theory from contract to fraud, and hence properly were precluded from introducing evidence thereof. Failure to assign such exclusion as error under their Statement of Points further eliminates need for discussing the matter of exclusion.

We believe and hold that the lower court's action was not in error, since there appears to be no evidence from which reasonable men could find other than that the oral contract conditioned receipt of commissions by plaintiffs on receipt of commissions by defendants.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.